# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHELLEY CETIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 23-2219-KHV-TJJ |
| v. | ) |
| | ) |
| KANSAS CITY KANSAS COMMUNITY COLLEGE, | ) |
| | ) |
| Defendant. | ) |

## STIPULATED PROTECTIVE ORDER

The parties agree that during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of this proposed Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The parties assert in support of their request that protection of the identified categories of confidential information is necessary because Plaintiff has asserted claims of disability discrimination/failure to accommodate in the terms and conditions of her employment in violation of the Americans with Disabilities Act. Documents which may be produced in this case may contain confidential employment, personal, medical, and/or financial information regarding Plaintiff and confidential business records, employment or financial information regarding current and/or former employees, students or vendors of Defendant. Moreover, the Defendant, as an educational institution, is subject to the provisions of the Family Educational Rights and Privacy Act (FERPA), (20 U.S.C. § 1232g; 34 CFR Part 99) and the parties anticipate the production of

certain student records. The Family Educational Rights and Privacy Act (FERPA), defines "student record" as a record directly related to a student maintained by an educational institution, and it requires the school district to provide advance notice to a student regarding the release of the record pursuant to "judicial order or lawfully issued subpoena." See 34 CFR 99.31(9)(i). The parties seek to protect both the parties and other persons from potential annoyance and embarrassment, as well as to safeguard confidential employee and proprietary information.

Subject to applicable law and rules, discovery sought in this case may include the following confidential information from the parties: medical and health care records protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA), compensation, tax and financial information; student records; employment and personnel records; non-public confidential information and documents regarding Defendant's business operations and policies and procedures; and other personal information of the parties.

The privacy interests in such information substantially outweigh the public's right of access to these documents. Good cause exists for the issuance of a protective order, including the facts that certain documents are subject to FERPA and HIPAA.

As there is a presumption in favor of open and public judicial proceedings in federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

Upon joint motion and stipulation by Plaintiff and Defendant, pursuant to Rule 26(c) of Federal Rules of Civil Procedure, for entry of a protective order to ensure and maintain the confidentiality of certain information to be produced by the Parties and for good cause shown, it is hereby **ORDERED:**

    1.    As used in the Protective Order, these terms have the following meanings:

      i)      "Attorneys" means counsel of record;

      ii)      "Party" means Plaintiff and any officers, board members, directors, or current management employees of Defendant who provide actual assistance in this litigation and only to the extent necessary to allow him/her to provide such assistance;

      iii)      "Documents" are all documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom, including any documents stored in electronic form;

      iv)      "Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys;

      v)      "Student Records" means education records protected by FERPA and which are maintained by Defendant or by a person(s) acting for such institution; and

      vi)      "Written Assurance" means an executed document in the form attached hereto as Exhibit 1.

      2.      Definition of Confidential Information.  As used in this Order, "Confidential Information" is defined as information that the producing party has maintained in a confidential manner to include medical and healthcare records protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"); compensation, tax and financial information; student records; employment and personnel records; non-public confidential information and documents regarding Defendant's business operations and policies and procedures; and other personal information of the parties that should be protected from disclosure and should not be used outside the litigation because its disclosure and use is restricted by statute or could potentially cause harm to the interests of disclosing party or nonparties.  A Party may designate a document "Confidential", to protect confidential information within the scope of Fed. R.

Civ. P. Rule 26(c), by stamping or labeling each page of the document with the word "Confidential" pursuant to this Order. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as confidential, the designating attorney thereby certified that the document contains Confidential Information as defined in this order. Any party receiving documents marked as confidential shall treat the documents as confidential absent agreement or ruling to the contrary. Information or documents that are regularly available to the public may not be designated as Confidential Information.

3. Student Records. As used in this Order, information or documents that meet the definition of "student records" are to be treated as "confidential". Any inadvertent failure to designate does not waive or change the confidential status of such records. The right to privacy under FERPA belongs to the student. Even where there exists a current court order, Defendant is obligated to first make a reasonable effort to notify the student of the request for disclosure in advance of compliance so that the student may seek protective action. 34 C.F.R. §9931(a)(9)(ii).

4. All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of the above-captioned Action, including any appeals (or any other related legal proceeding brought by one of the parties to this litigation), and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in anyway the documents or their contents to any person other than those

specified in this order. Any other use is prohibited.

5. Access to any Confidential document shall be limited to:

a. The Court and court personnel, including any special master or mediator appointed by the Court, and members of the jury;

b. Counsel of record for the parties, their law firms, including associate attorneys, paralegals, and secretarial and clerical staff; and their investigators;

c. Persons shown on the face of the document to have authored or received it;

d. Court reporters and persons operating video recording equipment engaged for depositions;

e. The parties to this action, i.e. Plaintiff and any officers, board members, directors, or current management employees of Defendant who provide actual assistance in this litigation and only to the extent necessary to allow him/her to provide such assistance;

f. Representatives of Defendant's insurers;

g. Consultants and/or experts retained specifically to furnish assistance or services to any party;

h. Any mediator appointed by the Court or jointly selected by the parties;

i. Any person not employed by a party who is expressly retained by a party, or counsel of record of a party, to assist in litigation of this action, with disclosure of "Confidential" materials only to the extent necessary to perform such work;

j. Any potential, anticipated, or actual fact witnesses and/or non-party deponent and his or her counsel, but only to the extent such confidential documents or

information will assist the witness in recalling, relating, or explaining the facts or in testifying;

k. Outside Vendors to include independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation.

l. Such other persons who may be specifically designated and qualified to receive confidential information pursuant to Court order or agreement of the parties. Each person appropriately designated pursuant to this paragraphs 5(g) and 5(i) to receive confidential information shall execute a "Written Assurance" in the form attached as Exhibit 1.

6. Third parties producing documents in the course of this action may also designate documents as confidential, subject to the same provisions and constraints as the parties to the action. A copy of this Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as confidential for a period of 14 days from the date of their production, and during that period any party may designate such documents as "Confidential" pursuant to the terms of this Protective Order.

7. All depositions or portions of depositions taken in this action that contain confidential information may be designated confidential and thereby obtain the protections accorded other confidential documents. Confidentiality designations for depositions or portions of depositions shall be made either on the record or by written notice to the other party and by marking the initial page of the deposition with the word "Confidential." Exhibits contended to be confidential shall be marked in the same manner as other confidential documents

pursuant to paragraph 2. There shall be no need to re-designate documents or exhibits which have been previously designated as confidential. Deposition testimony will be deemed confidential only if designated as such within 60 days of the receipt of the respective deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

8. Any party who inadvertently fails to identify a document as confidential shall, promptly on discovery of the oversight, provide written notice of the error and substitute appropriately-designated documents. Any party receiving such improperly-designated documents shall retrieve such documents from persons not entitled to receive these documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

9. Counsel of record for the parties shall not unnecessarily disclose Confidential Information on the public record of this proceeding or in written arguments or memoranda submitted to the Court. However, counsel shall have the right to file or deposit with the Court any Confidential Information at any time if such filing or deposit is necessary and intended in good faith to support any party's prosecution or defense of this Action. If a party files with the Court a document containing confidential information subject to protection under this Order with the court, that party must take appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.2.

10. If a party intends to file or disclose a confidential student record or the information contained therein in any public filing in any way that would disclose the third-party individual's name, address, e-mail address, telephone number or be otherwise personally identifiable with that individual, the party must seek permission from the Court.

11. Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion. If the motion is granted and the requesting party permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents. Nothing in this Order will be construed to affect or limit the use of any document, material or information at any trial or hearing. The court may hereafter make such other or further orders as may be necessary to govern the use of such documents or information at any hearing or trial upon the subsequent request or motion of any party. Should a party intend to use Confidential Information at any hearing, the intended use must first be disclosed to the opposing counsel so that objection or other arrangements may be made to protect against public disclosure.

12. This Order is subject to modification by the Court on its own motion or on motion of any party or any other person with standing concerning the subject matter. Any party may challenge the designation of any material or document as Confidential Information. Before filing any motion or objection to a confidential designation, though, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention. A party that elects to challenge a confidentiality designation may file a motion that identifies the challenged material and sets forth in detail the basis for the challenge, but must first arrange for a telephone conference with the undersigned magistrate judge as required by D. Kan. Rule 37.1(a) before filing

such a motion. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information.

13. Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of this litigation. The Court's jurisdiction to enforce the provisions of this Order shall be terminated upon the final disposition of this case, unless and until a party seeks leave to reopen the case to enforce the provisions of this Order. Within 60 days of the termination of this action, including any appeals, each party, upon request, shall either destroy or return to the designating party all documents designated by the designating party or third party as confidential, all copies of such documents as well as any extracts or data taken from such documents. Additionally, all persons who received any confidential documents from any party shall return to counsel who provided such documents all copies of said documents that are in the possession of such person(s) as well as any extracts or data taken from such documents and said counsel shall destroy or return these documents as set out above. If requested, each party shall provide a certification as to such return or destruction within the 60 day period. However, Attorneys shall be entitled to retain a set of all documents connected to the action.

14. Any party may apply to the Court to modify this Protective Order, and nothing in this Protective Order shall prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

15. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility, relevance, authenticity, or foundation of any documents, material, transcript or

other information.  Moreover, nothing in this Order or the fact that a party has consented to entry of the Order constitutes an agreement to provide any confidential student record or information, or constitutes a determination as to the propriety or enforceability of any subpoena or discovery request, or constitutes a waiver of any objection to any subpoena or discovery request, or constitutes a determination as to the discoverability or admissibility of any document or information.

16.     Inadvertent Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product. The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited, to information or documents that may be considered Confidential Information under the Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date.  Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within ten (10) days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection.  Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order.  The provisions of this section constitute an order pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence.

17.     This Order is entered based on the representations and agreements of the parties and for purposes of facilitating discovery.  Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as confidential information by counsel or the parties is entitled to protection under the Fed. R. Civ. P. Rule 26(c) or otherwise

until such time as the court may rule on a specific document or issue.

18. This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties and persons made subject to this Order by its terms.

IT IS SO ORDERED this 14th day of November, 2023.

_____
Teresa J. James
U. S. Magistrate Judge

*Approved by*:

**EMPLOYEE & LABOR LAW GROUP OF KANSAS CITY, LLC**

By /s/ Kristi L. Kingston
    Kristi L. Kingston    KS #19126
    12920 Metcalf Avenue, Suite 180
    P.O. Box 25843
    Overland Park, Kansas 66225
    Telephone: (913) 286-5200
    Facsimile: (913) 286-5201
    kristi@elgkc.com (email)
    Attorneys for Plaintiff

**McANANY, VAN CLEAVE & PHILLPS**

By:  /s/ Gregory P. Goheen
    Gregory P. Goheen    KS #16291
    l0 E. Cambridge Circle Drive, Suite 300
    Kansas City, Kansas 66103
    Telephone: (913)371-3838
    Facsimile: (913)371-4722
    ggoheen@mvplaw.com (email)
    Attorneys for Defendant

# **EXHIBIT 1**

I, _____, declare that:

I reside at _____ in the City of _____,

County of _____, State of _____. I am currently employed

by _____,

located at _____, and my current job title is _____.

I certify that I have read and I understand the terms of the Protective Order dated November 14, 2023, filed in **23-2219-KHV-TJJ**, pending in the United States District Court of Kansas. I agree to comply with and be bound by the provisions of the Protective Order. I shall not divulge any documents or copies of documents, or other information designated as confidential pursuant to the Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated confidential, and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of Kansas for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

_____
(Signature)

Executed on: _____ (Date)