IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHELLEY CETIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23-cv-2219-KHV-TJJ |
| | ) |
| KANSAS CITY KANSAS | ) |
| COMMUNITY COLLEGE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion for Stay (ECF No. 22). Defendant requests an order staying discovery pending the resolution by the Court of Defendant's Motion to Dismiss (ECF No. 13). Plaintiff opposes the relief requested. For the reasons set forth below, the Court concludes that the Motion to Stay Discovery should be denied.

**I.      Nature of the Matter Before the Court**

Plaintiff brings claims pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. for alleged disability discrimination/failure to accommodate. Defendant responded to Plaintiff's Complaint with a Motion to Dismiss (ECF No. 13), which Plaintiff opposes. Defendant's motion to dismiss is fully briefed and ready for ruling. In the instant motion, Defendant asserts all discovery should be stayed pending Judge Vratil's ruling on the motion to dismiss because the parties and the Court will experience hardship or inequity if the case proceeds and there is no possibility of harm to others by institution of a stay.

**II.     Legal Standard for Motion to Stay Discovery**

The decision to stay discovery and other pretrial proceedings is firmly vested in the sound

discretion of the trial court.[1] The Tenth Circuit, however, has held that "the right to proceed in court should not be denied except under the most extreme circumstances."[2] Therefore, as a general rule, the District of Kansas does not favor staying pretrial proceedings even though dispositive motions are pending.[3] A stay is not favored because it can delay a timely resolution of the matter.[4]

> Although, upon a showing of good cause, the court may . . . stay or limit the scope of discovery to protect a party from annoyance, embarrassment, oppression or undue burden or expense, bare assertions that discovery will be unduly burdensome or that it should be stayed because pending dispositive motions will probably be sustained, are insufficient to justify the entry of an order staying discovery generally.[5]

However, a stay pending a ruling on a dispositive motion is appropriate where the case is *likely* to be finally concluded as a result of the ruling, where the facts sought through the remaining discovery would not affect the ruling on the pending motion, or where discovery on all issues in the case would be wasteful and burdensome.[6]

---

[1] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *McCoy v. U.S.*, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007).

[2] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

[3] *McCoy*, 2007 WL 2071770, at *2; *Wolf v. U.S.*, 157 F.R.D. 494, 495 (D. Kan. 1994).

[4] *Wolf v. United States*, 157 F.R.D 494, 495 (D. Kan. 1994).

[5] *Evello Invs. N.V. v. Printed Media Servs., Inc.,* No. 94-2254-EEO, 1995 WL 135613, at *3 (D. Kan. Mar. 28, 1995) (quoting *Continental Ill. Nat'l Bank & Trust Co. v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990)).

[6] *Randle v. Hopson*, No. 12-CV-2497-KHV-DJW, 2013 WL 120145, at *1 (D. Kan. Jan. 9, 2013) (citing *Wolf*, 157 F.R.D. at 495).

A party seeking a stay of discovery has the burden to clearly show a compelling reason for the court to issue a stay.[7]

### III.  Application of the Standard to this Case

Defendant argues it is entitled to a stay because the parties and the Court will experience hardship or inequity if the case proceeds and there is no possibility of harm to others by institution of a stay. Plaintiff disagrees.

As noted above, the weight of authority in this District is against granting a stay of discovery and other pretrial proceedings, even when a dispositive motion is pending. In those instances in which a stay is appropriate, at least one of the following three factors is present: (1) the case is *likely* to be finally concluded as a result of the ruling, (2) the facts sought through the remaining discovery would not affect the resolution of the pending motion, or (3) discovery on all issues posed by the complaint would be wasteful and burdensome.[8]

As to the first factor, as discussed above, Defendant's Motion to Dismiss is pending before the District Court. Defendant does not argue that its motion to dismiss is likely to be granted, only that if it were to be granted, the Court and counsel will have wasted time and resources on discovery. If that were grounds for a stay, then any case with a pending dispositive motion would be stayed. Defendant did not meet its burden to clearly show the case is likely to be finally

---

[7] *Evello Invs. N.V.*, 1995 WL 135613, at *3.

[8] *Fattaey v. Kansas State Univ.*, No. 15-9314-JAR-KGG, 2016 WL 3743104, at *2 (D. Kan. July 13, 2016).

concluded as a result of the ruling. Therefore, the Court will not stay the case based on the likelihood that Defendant will succeed on its motion to dismiss.

As to the second factor, Defendant argues discovery will not impact what is alleged by Plaintiff herself in the Complaint for the purposes of resolving its dispositive motion. Plaintiff argues she should be allowed to conduct discovery to defend against Defendant's arguments if the Court is persuaded by Defendant's position. Defendant is correct that the Court is limited to the sufficiency of the Complaint in deciding a motion to dismiss. Therefore, as the motion to dismiss is fully briefed, discovery will not impact the dispositive motion. However, the Court in its discretion will not stay the case merely because discovery will not impact the district court's ruling on the motion to dismiss. The Court does not find this argument to constitute "the most extreme circumstances" under which this Circuit will grant a motion to stay.

As to the third factor, Defendant argues that engaging in discovery before the Court rules on the motion to dismiss would be a waste of time and resources resulting in hardship and inequity to all involved. Plaintiff argues Defendant provides no explanation or analysis explaining how the parties proceeding with discovery will unduly burden the Court or the parties. The Court agrees with Plaintiff and finds that the "brief assertion" that engaging in discovery while the dispositive motion is pending will be "unduly burdensome" is insufficient to show a compelling reason for staying the case.[9]

---

[9] *Evello Invs. N.V.,* 1995 WL 135613, at *3.

Defendant has failed to clearly show a compelling reason for the court to issue a stay of pretrial proceedings and discovery until after the District Judge rules on the pending motion to dismiss. Taking all of this into account, the Court concludes a stay of discovery is not warranted and will only serve to further delay the proceedings in this case.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Stay (ECF No. 22) is denied.

**IT IS SO ORDERED.**

Dated this 27th day of November, 2023 at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge