IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHELLEY CETIN, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 23-2219-KHV |
| ) | |
| KANSAS CITY KANSAS COMMUNITY ) | |
| COLLEGE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

Shelley Cetin filed suit against her employer, Kansas City Kansas Community College, alleging failure to accommodate her disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.  This matter is before the Court on Defendant's Motion To Dismiss First Amended Complaint (Doc. #13) filed September 5, 2023.  For reasons stated below, the Court overrules defendant's motion.

**Legal Standards**

Defendant seeks to dismiss plaintiff's complaint for lack of subject matter jurisdiction under Rule 12(b)(1), Fed. R. Civ. P.,[1] and failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P.

---

[1] Defendant argues that the Court should dismiss plaintiff's claim for a lack of standing because it is not yet ripe.  Defendant frames this argument under Rule 12(b)(6).  See Defendant's Memorandum In Support Of Motion To Dismiss (Doc. #14) filed September 5, 2023 at 2–3.  Plaintiff's response also focuses exclusively on Rule 12(b)(6).  See Plaintiff's Suggestions In Opposition To Defendant's Motion To Dismiss First Amended Complaint (Doc. #15) filed September 8, 2023.  Rule 12(b)(1), however, governs whether the Court should dismiss plaintiff's complaint for lack of standing and ripeness.  See Fed. R. Civ. P. 12(b)(1); New Mexicans for Bill Richardson v. Gonzales, 64 F.3d 1495, 1498–99 (10th Cir. 1995) (standing and ripeness challenges analyzed under Rule 12(b)(1)).

**I.      Rule 12(b)(1) - Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction. Marcus v. Kan. Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999) (quoting Penteco Corp.—1985A v. Union Gas Sys., Inc., 929 F.2d 1519, 1521 (10th Cir. 1991)). Therefore, the law imposes a presumption against jurisdiction. Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). The Court may exercise jurisdiction only when specifically authorized to do so, see Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994), and must dismiss a claim if it becomes apparent at any stage of the proceedings that it lacks jurisdiction, Scheideman v. Shawnee Cnty. Bd. Of Cnty. Comm'rs, 895 F. Supp. 279, 280 (D. Kan. 1995) (citing Basso, 495 F.2d at 909); Fed. R. Civ. P. 12(h)(3). Plaintiff bears the burden of showing that jurisdiction is proper. See Scheideman, 895 F. Supp. at 280.

Rule 12(b)(1) motions generally take the form of facial attacks on the complaint or factual attacks on the accuracy of its allegations. Holt v. United States, 46 F.3d 1000, 1002–03 (10th Cir. 1995) (citing Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990)). In a facial challenge to subject matter jurisdiction, the Court must accept the allegations of the complaint as true and may not consider evidence outside the complaint. Stuart v. Colo. Interstate Gas Co., 271 F.3d 1221, 1225 (10th Cir. 2001). By contrast, if the defendant lodges a factual attack, "a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends." Holt, 46 F.3d at 1002.

     A.  Ripeness

The Court's jurisdiction extends only to live cases or controversies that are ripe for judicial review. Garcia v. Bd. of Educ., 520 F.3d 1116, 1123 (10th Cir. 2008); Kansas Jud. Rev. v. Stout, 519 F.3d 1107, 1116 (10th Cir. 2008). Ripeness is a justiciability doctrine designed to prevent courts from entangling themselves in abstract disagreements by premature adjudication. See

National Park Hospitality Association v. Dept. of Interior, 538 U.S. 803, 807 (2003). To determine whether the issues in a case are ripe for review requires courts to evaluate the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration. Abbott Labs. v. Gardner, 387 U.S. 136, 149 (1967), overruled on other grounds by Califano v. Sanders, 430 U.S. 99 (1977). Whether a case is fit for judicial resolution depends on whether it involves uncertain or contingent future events that may not occur. Morgan v. McCotter, 365 F.3d 882, 890 (10th Cir. 2004). Plaintiff has the burden of showing ripeness. Los Alamos Study Grp. v. U.S. Dep't of Energy, 692 F.3d 1057, 1064 (10th Cir. 2012).

## II.     Rule 12(b)(6) - Failure To State A Claim

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement for relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible—and not merely conceivable—on its face. Id. at 679–80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 556 U.S. at 679.

The Court need not accept as true those allegations which state only legal conclusions. See id.; United States v. Herring, 935 F.3d 1102, 1110 (10th Cir. 2019). Plaintiff bears the burden of framing her claims with enough factual matter to suggest that she is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements. See Twombly, 550 U.S. at 556. Plaintiff makes a facially plausible claim by pleading factual content from which the Court can reasonably infer that defendant is liable for the alleged misconduct. Iqbal, 556 U.S. at 678. Plaintiff must show more than a sheer possibility that

defendant has acted unlawfully—it is not enough to plead facts that are "merely consistent" with defendant's liability. Id. (quoting Twombly, 550 U.S. at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement will not stand. Id. Similarly, where the well-pleaded facts do not permit the Court to infer more than mere possibility of misconduct, the pleading has alleged—but has not "shown"—that the pleader is entitled to relief. Id. at 679. The degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2), Fed. R. Civ. P., depends on the type of case. Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008).

**Factual Background**

Highly summarized, plaintiff's first amended complaint alleges as follows:

Plaintiff has asthma, rheumatoid arthritis, hypogammaglobulinemia G and type 1 diabetes. Because of these medical conditions, plaintiff is immunocompromised. These conditions substantially limit plaintiff's breathing, interactions with others and major bodily functions, including the function of her respiratory, immune, musculoskeletal and endocrine systems.

In October of 2010, defendant hired plaintiff as a part-time English as a Second Language ("ESL") instructor. After two semesters, defendant hired plaintiff to work full-time. Since 2010, she has consistently received high annual evaluation ratings.

From April of 2020 to May of 2021, defendant allowed plaintiff to teach her classes from home by video conference. Given her health conditions, plaintiff believed that working from home allowed her to best minimize exposure to COVID-19. Defendant allows other instructors to teach classes remotely.

On June 30, 2021, Sherita Miller-Williams, Human Resources Benefits Coordinator, sent an email to plaintiff stating that (1) plaintiff's work-from-home accommodation had expired; (2) plaintiff must either submit new medical documentation to support her accommodation request or return to work in person; and (3) going forward, because of the changing nature of the COVID-19 pandemic, defendant would review plaintiff's request to work from home every 30 days. In response, plaintiff provided Miller-Williams with letters from two of her doctors, supporting her need to work from home and asked if she could continue to teach remotely.

In early August of 2021, plaintiff spoke on the telephone with Miller-Williams and exchanged emails with Stephanie Prichard, Assistant Director of Adult Education, regarding her request. In both conversations, Miller-Williams and Prichard said that defendant had not reached a final decision whether she could begin the Fall 2021 semester by working from home.

On August 12, 2021, Miller-Williams sent plaintiff an email informing her that defendant denied her request to work from home for the 2021-2022 school year because defendant would suffer "undue hardship" if it allowed plaintiff to teach from home while the college was open. The email further stated that "the ability for employees to work from home 100% of the time has ended." First Amended Complaint (Doc. #11) filed August 22, 2023 at 5. The next day, on August 13, 2021, plaintiff responded to Miller-Williams's email and stated that (1) she achieved the same student outcomes during the 2020-2021 school year when she taught her classes remotely as she did when she taught her classes in person during the 2019-2020 school year; and (2) during the 2020-2021 school year while she taught remotely, she completed certification for best practices in the remote classroom. Plaintiff also asked Miller-Williams to provide an explanation how her request to work from home posed an "undue hardship" to defendant. Miller-Williams responded that (1) defendant does not take into account work performance when determining workplace

accommodations; and (2) the human resources department discussed the decision to deny plaintiff's request with Christina McGee, Human Resources Director, and Jerry Pope, Vice President of Academic Affairs.

A few days later, on August 16, 2021, plaintiff provided defendant a letter dated August 11, 2021 from her allergist and immunologist stating that plaintiff receives intravenous immunoglobulins replacement therapy every four weeks because of her hypogammaglobulinemia G and that this condition increases plaintiff's risk for upper respiratory tract infections. In the letter, plaintiff's doctors recommended that plaintiff continue to work remotely through the fall semester to reduce her risk of exposure to COVID-19.

On August 19, 2021, plaintiff met with David Beach, her Director, and Prichard regarding her request to work from home. Beach suggested instead that plaintiff could teach her classes by video conference from an office on campus where she could isolate. Plaintiff accepted this proposal and taught her classes during the fall semester from the isolated office on campus. Because defendant required plaintiff to travel to campus for work and also attend in-person events throughout the semester, plaintiff feared exposure to COVID-19.

On December 13, 2021, at plaintiff's request, plaintiff met by video conference with McGee and Miller-Williams to discuss her request to work from home during the spring semester. Following the meeting, plaintiff asked McGee several times for an update whether she could work from home during the spring semester. On January 11, 2022, McGee told plaintiff that she could work from home until defendant reached a final decision regarding her request.[2]

---

[2] The first amended complaint contains many allegations that between August of 2022 through February of 2023, plaintiff continued to communicate with McGee and Miller-Williams to ask whether defendant approved her request to work from home. Plaintiff does not state whether she requested to work from home indefinitely or whether she submitted new requests

(continued. . .)

On February 1, 2022, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that defendant failed to accommodate her disability and discriminated against her because of her disability.[3] The EEOC subsequently issued plaintiff notice of her right to sue. On May 16, 2023, plaintiff filed suit.

At the conclusion of the 2021-2022 school year, in June of 2022, plaintiff received an overall rating of "Exceeds Expectations" on her annual performance evaluation.

Plaintiff's first amended complaint asserts claims that defendant failed to accommodate her disability in violation of the ADA by not allowing her to teach from home.

## Analysis

Defendant argues that the Court should dismiss plaintiff's first amended complaint because (1) defendant has not reached a final decision whether it approves or denies plaintiff's request to work from home and thus plaintiff's claim is not ripe for the Court's review; and (2) plaintiff has failed to state a claim upon which relief can be granted.

**I.      Standing**

---

[2] (continued. . .)
every semester. Regardless, the first amended complaint alleges that defendant allowed her to work from home throughout the Spring 2022, Fall 2022 and Spring 2023 semesters. First Amended Complaint (Doc. #11), ¶¶ 63 (plaintiff told on January 11, 2022 that she could work remotely until defendant reached final decision), 73 (plaintiff told on August 1, 2022 that she could continue to temporarily work from home), 98 (as of August 22, 2023, plaintiff states that she was on "temporary remote status"). Because plaintiff brings a failure-to-accommodate claim on the basis that defendant did not allow her to work from home, the Court focuses only on plaintiff's allegations regarding events that occurred during the Fall 2021 semester—the only semester that plaintiff alleges that defendant did not allow her to work from home.

[3]      Plaintiff only alleges claims for failure to accommodate under the ADA. She does not allege that she faced disparate treatment or impact. See Dansie v. Union Pac. R.R. Co., 42 F.4th 1184, 1193 n.1 (10th Cir. 2022) (ADA encompasses three types of discrimination: (1) disparate treatment; (2) failure to accommodate; and (3) disparate impact). The Court therefore only analyzes the sufficiency of her failure to accommodate claim.

Defendant contends that plaintiff does not have standing to bring her claim because it has yet to make a final decision denying plaintiff's request to work from home and thus her failure to accommodate claim is not ripe. Plaintiff responds that her claim is ripe because (1) defendant effectively denied plaintiff's request to work from home during the Fall 2021 semester by requiring her to work on campus and attend in-person work events; and (2) she fulfilled all conditions precedent to bringing her claim, including exhausting all required administrative procedures by filing a Charge of Discrimination with the EEOC and receiving a notice of right to sue.

Plaintiff alleges that defendant has allowed her to work from home at all times since she initially submitted her request in April of 2020 with the exception of the Fall 2021 semester in which defendant required her to work from campus and attend in-person events there. On these allegations, plaintiff has alleged an actual, concrete injury that is neither speculative nor hypothetical because she risked exposure to COVID-19 by coming to campus to work during the Fall 2021 semester. She is not complaining about a contingent future event that has not yet occurred because she alleges that defendant denied her request instead of granting her a reasonable accommodation by allowing her to work from home during this semester. See Texas v. United States, 523 U.S. 296, 300 (1998) (claim is not ripe if it relies on "contingent future events that may not occur"). Therefore, to the extent that plaintiff claims that defendant failed to accommodate her disability during the Fall 2021 semester by requiring her to work from campus, the Court overrules defendant's motion to dismiss for lack of subject matter jurisdiction.

## II.     Failure To State A Claim Upon Which Relief May Be Granted

The ADA prohibits discrimination in employment against a qualified individual on the basis of his or her disability. See 42 U.S.C. § 12112(a). Under the ADA, discrimination includes "not making reasonable accommodations to the known physical or mental limitations of an

-8-

otherwise qualified individual with a disability . . . unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." Id. § 12112(b)(5)(A).

To state a claim for failure to accommodate, plaintiff must allege that (1) she is disabled; (2) she is otherwise qualified for the job; and (3) she requested a plausibly or facially reasonable accommodation. Brown v. Austin, 13 F.4th 1079, 1084–85 (10th Cir. 2021). This test is not "onerous." Norwood v. United Parcel Serv., Inc., 57 F.4th 779, 786 (10th Cir. 2023). Plaintiff does not need to establish discriminatory intent on the part of defendant because the law assumes that "any failure to provide reasonable accommodations for a disability is necessarily because of disability." Lincoln v. BNSF Ry. Co., 900 F.3d 1166, 1204 (10th Cir. 2018) (quoting Punt v. Kelly Servs., 862 F.3d 1040, 1048 (10th Cir. 2017)).

Defendant does not dispute that plaintiff alleges she is disabled and otherwise qualified for the ESL instructor position. Therefore, the Court examines only the third element of plaintiff's prima facie case—whether her request to work from home was a plausibly or facially reasonable accommodation.

Reasonable accommodations are "[m]odifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable an individual with a disability who is qualified to perform the essential functions of that position." 29 C.F.R. § 1630.2(o)(1)(ii) (2023). The Tenth Circuit has indicated that an employee's request to work from home may qualify as facially reasonable when the employee presents evidence that she can perform the essential functions of her position at home, but that courts must evaluate the reasonability of such requests on a case-by-case basis. Mason v. Avaya Communications, Inc., 357 F.3d 1114, 1124 (10th Cir. 2004).

Defendant argues that the Court should dismiss plaintiff's first amended complaint because she has not stated a claim upon which relief may be granted.  Specifically, defendant argues that the ADA does not require an employer to accommodate an employee by allowing them to permanently work from home.[4]  In response, plaintiff argues that the question whether her accommodation request was reasonable is not the proper subject of a motion to dismiss and, even if it was, she alleged facts sufficient to survive a motion to dismiss.

At this stage, the Court must accept as true plaintiff's allegations that she requested a reasonable accommodation.  She alleged that (1) her medical conditions made her particularly vulnerable to COVID-19, (2) working from campus as opposed to her home increased her risk of exposure to the virus, (3) she could successfully carry out the duties of her job from home, as shown by her positive evaluation ratings, (4) defendant had granted other employees' requests to work from home and (5) defendant permitted plaintiff to work from home on a temporary basis.  Drawing all inference in favor of plaintiff, these allegations establish that plaintiff requested a plausibly or facially reasonable accommodation.  The Court therefore overrules defendant's motion to dismiss the first amended complaint for failure to state a claim.

**IT IS THEREFORE ORDERED** that Defendant's Motion To Dismiss First Amended Complaint (Doc. #13) filed September 5, 2023 is **OVERRULED**.

Dated this 18th day of December, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[4] In its arguments for dismissal under Rule 12(b)(6), defendant echoes its ripeness arguments that the Court addressed under Section II.  The Court therefore does not address them again under its Rule 12(b)(6) analysis.