IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **SHELLEY CETIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 23-cv-2219-KHV-TJJ |
| ) | |
| **KANSAS CITY KANSAS** ) | |
| **COMMUNITY COLLEGE,** ) | |
| ) | |
| **Defendant.** ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel (ECF No. 56). Plaintiff seeks an order pursuant to Fed. R. Civ. P. 37 compelling Defendant to respond to Plaintiff's Interrogatory No. 6.[1] Defendant argues its Supplemental Answer to Interrogatory No. 6 is responsive and consistent with the written documents that have been produced. For the reasons set forth below, Plaintiff's motion is granted in part.

### I.   Factual Background

On May 16, 2023, Plaintiff filed this action against her employer, Defendant Kansas City Kansas Community College for failure to accommodate under the Americans with Disabilities Act, 42 U.S.C. § 12101. Plaintiff has asthma, rheumatoid arthritis, hypogammaglobulinemia G and type 1 diabetes. These conditions substantially limit Plaintiff's breathing, interactions with others, and major bodily functions, including the function of her respiratory, immune,

---

[1] Plaintiff's Motion to Compel also asked the Court to compel Defendant to respond to Plaintiff's Request for Production No. 28 and Plaintiff's Request for Supplemental Documents or Privilege Log. However, in her reply brief, Plaintiff agreed "Defendant did provide the requested documents on March 14, 2024, six days after Plaintiff filed her Motion to Compel." ECF No. 62 at 5. Therefore, the Court will not address those requests.

musculoskeletal, and endocrine systems. Plaintiff asserts she is able to perform the essential functions of her job with a reasonable accommodation, but Defendant failed to accommodate her by denying her request for accommodation to work remotely from home in the Fall of 2021.

The parties made reasonable efforts to confer as required by D. Kan. Rule 37.2, and on February 28, 2024, the Court held a discovery status conference to discuss the parties' identified discovery disputes. The Court provided its guidance on those disputes and directed the parties to continue conferring in good faith to see if they could reach an agreed resolution. On March 7, 2024, Defendant provided its Supplemental Answers to Plaintiff's Interrogatories. On March 8, 2024, Plaintiff filed her Motion to Compel and it is now fully briefed.

## II.     Legal Standards

Federal Rule of Civil Procedure 37(a)(3)(B) permits a party seeking discovery to move for an order compelling an answer, designation, production, or inspection. The motion may be made if a party fails to produce documents as requested under Rule 34.[2] An evasive or incomplete disclosure, answer, or response is treated as a failure to disclose, answer, or respond.[3]

The party filing the motion to compel need only file the motion and draw the court's attention to the relief sought.[4] At that point, the burden is on the nonmoving party to support its objections with specificity and, where appropriate, with reference to affidavits and other evidence.[5]

Federal Rule of Civil Procedure 26(b)(1) sets out the general scope of discovery:

---

[2] Fed. R. Civ. P. 37(a)(3)(B)(iv).

[3] Fed. R. Civ. P. 37(a)(4).

[4] *Williams v. Sprint/United Mgmt. Co.*, No. 03-2200-JWL, 2005 WL 731070, at *4 (D. Kan. Mar. 30, 2005).

[5] *Id.*

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The information sought must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable.[6]

For discovery purposes, relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.[7] Relevance is often apparent on the face of the discovery request and often dictates which party bears the burden of showing either relevancy or the lack thereof. If the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[8] Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[9] Relevancy determinations are generally made on a case-by-case basis.[10]

---

[6] *No Spill, LLC v. Scepter Candada, Inc.*, No. 2:18-CV-2681-HLT-KGG, 2021 WL 5906042, at *3 (D. Kan. Dec. 14, 2021).

[7] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

[8] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate 2003*, No. 09-CV-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011).

[9] *Id.*

[10] *Id.*

**III.     Disputed Discovery**

    Defendant's Interrogatory No. 6 states:

> Please state each and every reason why Defendant denied Plaintiff's 'workplace accommodation to work from home' as stated in the August 12, 2021, email to Plaintiff from Sherita Miller-Williams (P0306), identify each person having knowledge of the factual basis of such reason(s), including any alleged undue hardship, and identify each document (including a description suitable to identify same, date, and author) relied upon by Defendant in making the decision to deny Plaintiff's "workplace accommodation to work from home" as stated in the August 12, 2021, email to Plaintiff from Sherita Miller-Williams (P0306).

Defendant's supplemental response to Interrogatory No. 6 stated the following:

> As amended per the Court's Order (ECF No. 53), p. 3, to request that Defendant identify all individuals involved in the decision contained in the August 12, 2021, email to Plaintiff from Sherita Miller-Williams (P0306): the decision on how to reasonably accommodate Plaintiff was determined though [sic] the interactive process taking into account the needs of the Defendant and its students, the status of the COVID-19 Pandemic as reflected by guidance from federal, state and local officials, the job duties of Plaintiff's position, the advice of Plaintiff's medical providers and the requests of Plaintiff. Persons with knowledge: Christina McGee, Sherita Williams, Jerry Pope, David Beach and Stephanie Pritchard. Given the passage of time, all of the documents relied on cannot be recalled, but would have included communications with Plaintiff and her medical providers as well as guidance from federal, state and local officials and the job duties of Plaintiff's position.

    Plaintiff seeks to compel Defendant to fully answer Interrogatory No. 6 by identifying "each and every reason why Defendant denied Plaintiff's 'workplace accommodation to work from home' as stated in the August 12, 2021, email to Plaintiff from Sherita Miller-Williams (P0306) and identify any alleged undue hardship to Defendant."[11] Plaintiff also requests that the Court compel Defendant to identify the documents relied on by Defendant in making the decision.

---

[11] ECF No. 56 at 5.

A.      **Reasons for Denying Plaintiff's Request to Work from Home**

Plaintiff seeks a supplemental interrogatory response from Defendant to Interrogatory No. 6 detailing each reason Defendant denied Plaintiff's request to work from home. Defendant argues its answer is sufficient, Plaintiff can ask witnesses during depositions to provide the reasons for denying her request, and Plaintiff's interrogatory is overly broad and not reasonably calculated to lead to the discovery of admissible evidence as it has little or no nexus to Plaintiff's actual claims against Defendant in this action.

The Court finds Defendant's response to Plaintiff's interrogatory as to the reasons Defendant denied Plaintiff's request to work from home is not sufficient. Defendant states, "The decision on how to reasonably accommodate Plaintiff was determined through the interactive process taking into account the needs of the Defendant and its students, the status of the COVID-19 Pandemic as reflected by guidance from federal, state and local officials, the job duties of Plaintiff's position, the advice of Plaintiff's medical providers and the requests of Plaintiff." Defendant's response lists general considerations at issue when denying Plaintiff's request to work from home, but it does not provide any explanation or clarification as to the reasons for denying Plaintiff's request. Defendant's answer does not include any specific reasons for denying the request and therefore is not sufficient.

Further, Defendant argues it does not need to supplement its answer because Plaintiff can obtain this information during the depositions of the individuals identified by counsel as having knowledge of the reasons for denying Plaintiff's request to work from home. However, it is not Plaintiff's burden to obtain that information from other individuals during depositions because Defendant refuses to provide a clear response to her interrogatory. Finally, the Court notes Defendant did not object to Interrogatory No. 6, and has therefore waived any objection that the

interrogatory is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.[12]

Therefore, the Court finds Defendant has not fully answered Interrogatory No. 6 with respect to Plaintiff's request that it detail each and every reason it denied Plaintiff's work from home request. Defendant failed to provide a comprehensive list of the reasons they required Plaintiff to teach in-person in the Fall of 2021.

### B. Undue Hardship

Plaintiff seeks a supplemental interrogatory response from Defendant to Interrogatory No. 6 identifying alleged undue hardships to Defendant stemming from Plaintiff's request to work from home. Defendant does not address this in its Response brief or in its Supplemental Response to Interrogatory No. 6, and Defendant did not object to Interrogatory No. 6. Therefore, the Court finds Defendant has waived any objection to the request with respect to Defendant's alleged undue hardship, and Defendant must supplement its response to list any alleged undue hardship to Defendant stemming from Plaintiff's request to work from home.

### C. Documents Informing Defendant's Decision

Plaintiff seeks a supplemental interrogatory response from Defendant to Interrogatory No. 6 identifying the documents relied on by Defendant in making the decision to deny Plaintiff's request to work from home in the Fall of 2021. Defendant does not address this part of Interrogatory No. 6 in its brief.

In response to Plaintiff's request that Defendant identify each document relied upon by Defendant in making the decision to deny Plaintiff's request for accommodation, Defendant stated, "Given the passage of time, all of the documents relied on cannot be recalled, but would have

---

[12] *See* Fed. R. Civ. P. 35(b)(4).

included communications with Plaintiff and her medical providers as well as guidance from federal, state and local officials, and the job duties of Plaintiff's position." Defendant has responded and indicated it cannot recall the documents relied upon given the passage of time, and while Plaintiff may not like the response, the Court cannot compel Defendant to recall these documents. Defendant has not objected and has provided a responsive answer, therefore the Court will not compel any further supplemental response identifying the documents Defendant relied on in making its decision to deny Plaintiff's request to work from home.

Plaintiff's motion to compel a supplemental response with respect to Interrogatory No. 6 is granted in part, and Plaintiff must supplement its response to provide the reasons it denied Plaintiff's work from home request and list any alleged undue hardship to Defendant stemming from Plaintiff's request to work from home.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (ECF No. 56) is granted in part as set forth herein.

**IT IS FURTHER ORDERED** that **within fourteen (14) days** from the date of this Memorandum and Order, Plaintiff must respond as ordered herein.

IT IS SO ORDERED.

Dated April 3, 2024 at Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge