IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SHELLEY CETIN, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 23-2219-KHV |
| | ) | |
| KANSAS CITY KANSAS COMMUNITY COLLEGE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion To Seal Exhibit (Doc. #89) filed June 28, 2024. For reasons stated below, the Court overrules defendant's motion.

Federal courts have long recognized a common-law right of access to judicial records. Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution. See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). The public interest in district court proceedings includes the assurance that courts are run fairly and that judges are honest. Crystal Grower's, 616 F.2d at 461–62. In determining whether documents should be sealed, the Court weighs the public interest, which it presumes is paramount, against the interests advanced by the parties. Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011). The party seeking to overcome the presumption of public access must show that some significant interest which favors non-disclosure outweighs the public interest in access to court proceedings and documents. See Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012). The parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making

process.  Id.; see Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements").

Defendant seeks leave to file under seal its Supplemental Confidential Statement Of Facts In Support Of Motion For Summary Judgment (Doc. #86) and the Supplemental Declaration Of Greg Mosier (Doc. #87) and exhibits, all filed June 21, 2024.  In support of its motion to seal, defendant notes that the documents are "confidential" under the Stipulated Protective Order (Doc. #30) filed November 14, 2023.  The fact that a party designated the documents "confidential" under the protective order does not in itself provide sufficient reason to seal. Carfusion 213, LLC v. Prof'l Disposables, Inc., No. 09-2616-KHV, 2010 WL 2653643, at *1 (D. Kan. June 29, 2010).  The protective order states that "[n]othing in this Order will be construed as a prior directive to allow any document to be filed under seal."  Stipulated Protective Order (Doc. #30) at 8. Further, the Court strictly construes the protective order "in favor of public disclosure and open proceedings wherever possible."  Id. at 2; see also Helm, 656 F.3d at 1292 (parties cannot overcome presumption against sealing simply by showing records are subject to protective order).

On this record, defendant has not met the heavy burden to articulate a real and substantial interest which justifies depriving the public access to records which inform the Court's decision-making process.  See Colony Ins., 698 F.3d at 1242 (denying motions to seal where parties did not submit specific argument or facts indicating why confidentiality of settlement agreements outweighs presumption of public access).  Defendant argues that the documents include plaintiff's confidential medical records and deposition testimony related to her medical records.  Plaintiff's complaint already identifies her specific medical conditions.  See Complaint (Doc. #1) filed May 16, 2023.  The opinions of medical personnel about the need for plaintiff to

work remotely or quarantine during the COVID-19 pandemic relate directly to her claim that defendant discriminated against her because of her health conditions. Defendant has not explained why disclosure of such information would be harmful or how limited redaction would be insufficient to protect any real and substantial privacy interests. Accordingly, the Court overrules defendant's motion to file documents under seal.

**IT IS THEREFORE ORDERED** that Defendant's Motion To Seal Exhibit (Doc. #89) filed June 28, 2024 is **OVERRULED**.

Dated this 22nd day of July, 2024 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge